**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANAND VERMA,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | No. 24-cv-1330 (DLF) |

**MEMORANDUM OPINION**

Anand Verma, proceeding *pro se*, brings this action under the Freedom of Information Act against the Department of Homeland Security and U.S. Citizenship and Immigration Services. *See generally* Compl., Dkt. 1. Verma seeks access to a report of a background investigation the agency performed as part of Verma's application to become an asylum officer. *Id.* Before the Court is the defendants' Motion for Summary Judgment. Def's Mot., Dkt. 26. For the reasons that follow, the Court will grant in part and deny in part the defendants' motion.

## I. BACKGROUND[1]

In February 2024, Anand Verma submitted a Freedom of Information Act (FOIA) request to U.S. Citizenship and Immigration Services (USCIS) seeking documents related to a background investigation which found him "unsuitable" for a position as a USCIS asylum officer. *See* Pl. FOIA Request (Ex. A) at 31,. Although the precise scope of Verma's FOIA request was unclear,

[1] Because Verma did not respond to the USCIS's motion for summary judgment, these facts are drawn from USCIS's Statement of Facts and Affidavits, *see* Dkt. 26-1, -2.

*see id.*, USCIS acknowledged his request and added it to a processing queue, *see* Panter Decl. ¶ 7, 9; Feb. 15, 2024 Letter (Ex. B).

A few months later, Verma filed suit in this Court seeking to compel production of the requested records. *See* Compl. Five days after filing his complaint, he emailed USCIS to clarify that he was "requesting a copy of [his] background investigative report under FOIA as soon as possible." Requester Emails (Ex. C); Defs.' Statement of Material Facts ¶ 6. And after settlement discussions between USCIS and Verma proved unsuccessful, he further narrowed his request to "his completed background investigation report related to his position as an Asylum Officer," Pl.'s Resp. to Mot. to Dismiss 1, Dkt. 16.

In February 2025, USCIS produced to Verma his complete 302-page background investigative report, subject to certain redactions. *See* Defs.' Mot. to Withdraw, Dkt. 18; Defs.' Statement ¶ 9; Feb. 10, 2025 Letter (Ex. D). Verma did not challenge most of those redactions. The dispute instead narrowed to the redactions that appear on pages 25, 26, and 28 of the background investigation report. *See* Defs.' Statement ¶ 11; Emails between Anna Walker and Anand Verma (Ex. F) (attached to Defs.' Statement).

Because Verma is a United States citizen seeking records about himself that are maintained by USCIS in a Privacy Act System of Records, USCIS processed Plaintiff's request under the Privacy Act, as well as FOIA. *See* Defs.' SMF ¶ 10; Panter Decl. ¶ 17. Accordingly, USCIS has asserted both FOIA and Privacy Act exemptions to withhold portions of the background investigative report. *See* Defs.' SMF ¶ 9; Feb. 10, 2025 Letter (Ex. D). Before the Court is USCIS's motion for summary judgment to which Verma has failed to respond.

## II. LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a federal agency moves for summary judgment in a FOIA case, the Court views all facts and inferences in the light most favorable to the requester, and the agency bears the burden of showing that it complied with FOIA. *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009).

To prevail under Rule 56, a federal agency must demonstrate that its search was "reasonably calculated to uncover all relevant documents," *Kowalczyk v. DOJ*, 73 F.3d 386, 388 (D.C. Cir. 1996) (citation omitted), and "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the (FOIA's) inspection requirements," *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982) (per curiam) (citation omitted). The agency must also explain why any enumerated exemptions listed in 5 U.S.C. § 552(b) apply to withheld information. *See Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 147 (D.C. Cir. 2006).

Although a pro se plaintiff's failure to respond to a motion for summary judgment permits the Court to treat the movant's properly supported factual assertions as undisputed, it does not permit the Court to grant summary judgment by default. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505–08 (D.C. Cir. 2016); *Grimes v. District of Columbia*, 794 F.3d 83, 94–95 (D.C. Cir. 2015). The Court must still determine from the motion and supporting materials that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e). Where the nonmovant proceeds *pro se*, the Court must also provide adequate notice of the requirements of Rule 56 and the consequences of failing to respond. *See Neal*, 963 F.2d at 456. The Court has repeatedly done so here. *See, e.g.*, Minute Order of April 8, 2026.

"The peculiarities inherent in FOIA litigation, with the responding agencies often in sole possession of requested records and with information searches conducted only by agency personnel, have led federal courts to rely on government affidavits to determine whether the statutory obligations of the FOIA have been met." *Perry*, 684 F.2d at 126. Agency affidavits are entitled to a presumption of good faith, *see SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and a court may grant summary judgment based on an affidavit if it contains reasonably specific detail and if neither contradictory record evidence nor evidence of bad faith calls it into question, *see Jud. Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013). The "vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

The Privacy Act, for its part, "regulates the collection, maintenance, use, and dissemination of an individual's personal information by agencies within the federal government." *Barnard v. DHS*, 598 F. Supp. 2d 1, 8 (D.D.C. 2009) (citing 5 U.S.C. § 552a(e)). The Act provides that any agency that retains a system of records shall, "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof." 5 U.S.C. § 552a(d)(1). It further states that, subject to twelve exceptions, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." *Id.* § 552a(b).

When both the FOIA and Privacy Act "are at play, an agency seeking to withhold records must 'demonstrate that the documents fall within some exception under each Act.'" *Hillier v. Cent. Intel. Agency*, No. 16-1836 (DLF), 2018 WL 4354947, at *3 (D.D.C. Sept. 12, 2018) (quoting

*Martin v. Office of Special Counsel, Merit Sys. Prot. Bd.*, 819 F.2d 1181, 1184 (D.C. Cir. 1987) (emphasis removed)). Thus, "[i]f a FOIA exemption covers the documents, but a Privacy Act exemption does not, the documents must be released under the Privacy Act; if a Privacy Act exemption but not a FOIA exemption applies, the documents must be released under FOIA." *Martin*, 819 F.2d at 1184.

## III. ANALYSIS

The only remaining dispute in this case is whether USCIS properly withheld information contained in three challenged redactions. USCIS invokes several FOIA and Privacy Act exemptions to justify the contested redactions. After first addressing the adequacy of the agency's search, the Court will consider the applicable FOIA and Privacy Act exemptions.

### A. Adequacy of the Search

Under both FOIA and the Privacy Act, an agency must conduct an adequate and reasonable search for relevant records. *See Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1006 (D.C. Cir. 2009) (stating that "the Privacy Act, like FOIA, requires" that a search "be reasonably calculated to uncover all relevant documents" (internal quotation marks omitted)). In this Circuit, courts apply the same standard under both statutes to determine the adequacy of the search. *See id.*; *Hill v. U.S. Air Force*, 795 F.2d 1067, 1069 (D.C. Cir. 1986) (per curiam). USCIS fulfilled its obligation to search for records in response to Verma's FOIA request, which USCIS also processed under the Privacy Act. See Defs.' Statement ¶ 10; Panter Decl. ¶ 17.

USCIS has adequately described its search. Its FOIA personnel determined—based on their knowledge of USCIS records and the nature of Verma's request—that responsive records would be located at the Office of Security and Integrity, the USCIS office responsible for conducting employment-suitability investigations of USCIS job applicants, and that no other

USCIS office was likely to contain responsive records. *See* Defs.' Statement ¶ 12; Panter Decl. ¶ 11. USCIS FOIA personnel then asked OSI staff to search for Verma's background investigative report. *See* Defs.' Statement ¶ 13; Panter Decl. ¶ 12. OSI staff searched the agency locations and records systems likely to contain responsive records using Verma's name, address, and date of birth; located the report; and forwarded it to USCIS FOIA personnel for processing. *See* Defs.' Statement ¶ 13; Panter Decl. ¶¶ 12–13. USCIS's search was adequate because the agency made a "good faith effort" to locate the requested documents, using methods "reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Weisberg v. DOJ*, 705 F.2d 1344, 1356–58 (D.C. Cir. 1983) (holding that a detailed explanation of a search showed the search was reasonable). And although locating the requested records is not itself a prerequisite to an adequate search, USCIS's search did in fact locate the records Verma requested.

### B. FOIA Exemptions

Exemption 7 allows the government to withhold documents "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). Documents are compiled for law enforcement purposes if an agency's declarations "establish (1) a rational nexus between the investigation and one of the agency's law enforcement duties; and (2) a connection between an individual or incident and a possible security risk or violation of federal law." *Ctr. for Nat'l Sec. Stud. v. DOJ*, 331 F.3d 918, 926 (D.C. Cir. 2003) (internal quotation marks omitted). Because DHS "is an agency specializing in law enforcement, its claim of a law enforcement purpose is entitled to deference." *Id.* (citation modified).

Once the threshold of "law enforcement purpose" is met, an agency may withhold documents under Exemption 7(D) if producing the records "could reasonably be expected to

disclose the identity of a confidential source" or "information furnished" by such a source. 5 U.S.C. § 552(b)(7)(D). "Exemption 7(D) has long been recognized as affording the most comprehensive protection of all FOIA's law enforcement exemptions." *Billington v. DOJ*, 301 F. Supp. 2d 15, 22 (D.D.C. 2004) (citing *Voinche v. FBI*, 940 F. Supp. 323, 331 (D.D.C. 1996)). Accordingly, it does not require a balancing of public and private interests. *See, e.g., Roth v. DOJ*, 642 F.3d 1161, 1185 (D.C. Cir. 2011).

To start, Verma's requested documents were compiled for law enforcement purposes, satisfying the threshold requirement of 5 U.S.C. § 552(b)(7). Background investigations for federal employment qualify as "records … compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7); *see Mittleman v. Off. of Pers. Mgmt.*, 76 F.3d 1240, 1243 (D.C. Cir. 1996).

Second, the employee-related information is confidential under Exemption 7(D). Confidentiality exists, for the purpose of Exemption 7(D), when "the source furnished information with the understanding that the [agency] would not divulge the communication except to the extent the [agency] thought necessary for law enforcement purposes." *Miller v. DOJ*, 872 F. Supp. 2d 12, 26 (D.D.C. 2012). Exemption 7(D) confidentiality may be based on an express assurance or inferred from the circumstances. *DOJ v. Landano*, 508 U.S. 165, 172–74, 179–80 (1993). Once an agency establishes the confidentiality of a source, the FOIA requester faces a heavy burden in overcoming that showing. *Parker v. DOJ*, 934 F.2d 375, 378 (D.C. Cir. 1991). To meet this burden, a requester must come forward with "'absolutely solid evidence showing that the source . . . has manifested complete disregard for confidentiality.'" *Id.* (quoting *Dow Jones & Co. v. DOJ*, 908 F.2d 1006, 1011 (D.C. Cir. 1990)).

USCIS withheld the name and contact information of FEMA and VA employees who completed forms as part of Verma's background investigation. Defs.' Statement ¶ 16; Panter Decl.

¶ 30. Those forms include the sources' name, title, signature, phone number, and email address. *Id.*

Each of those employees had express assurances of confidentiality. They asked that their identities and information remain confidential, and USCIS agreed. *See* Panter Decl. ¶ 30 & n.5. The forms they filled out also asked whether the employees authorized identity-sharing. *Id.* Neither agreed. *Id.* Accordingly, the employee-related information is properly withheld under 7(D). *See Williams v. FBI*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (holding that information provided under an express assurance of confidentiality is exempt from disclosure). With no dispute as to those assurances, USCIS's invocation of Exemption 7(D) is proper.

USCIS also redacted the background investigator's notes, which include the names of other sources listed and information provided by them. *Id.* Panter states that the sources identified in those notes "provided information under assurance of confidentiality." *Id.* But unlike with the FEMA and VA employees, the declaration does not identify an express assurance made to those sources, nor does it describe the circumstances under which they provided the information. The government is not entitled to "a presumption that all sources supplying information" to a law-enforcement agency in the course of an investigation are confidential within the meaning of Exemption 7(D). *Landano*, 508 U.S. at 172–73. And although confidentiality may be inferred from particularized circumstances, *see id.* at 179–80, USCIS does not identify any such circumstances as to the sources listed in the investigator's notes. Its conclusory characterization of those sources as confidential is therefore insufficient, on the present record, to establish that Exemption 7(D) applies to the notes.

DHS also invokes Exemptions 6 and 7(C). "FOIA Exemptions 6 and 7(C) seek to protect the privacy of individuals identified in certain agency records." *ACLU v. DOJ*, 655 F.3d 1, 6 (D.C.

Cir. 2011). Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), and Exemption 7(C) protects "records or information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy," *id.* § 552(b)(7)(C). When an agency invokes both exemptions, courts "focus" on Exemption 7(C) because it "establishes a lower bar for withholding material." *Citizens for Responsibility & Ethics in Washington v. DOJ*, 746 F.3d 1082, 1091 n.2 (D.C. Cir. 2014) (*CREW I*) (internal quotation marks omitted).

Under Exemption 7(C), courts balance the privacy interests implicated by the records being sought against the public's interest in their disclosure. *Citizens for Responsibility & Ethics in Washington v. DOJ*, 854 F.3d 675, 683 (D.C. Cir. 2017) (*CREW II*). The government "must account for the privacy interests at stake, recognizing that previous disclosures or admissions may have diminished those interests." *Id.* at 683. But if the withheld information implicates a substantial privacy interest, the FOIA requester "bears the burden of showing (1) that 'the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) that the information [it] seeks 'is likely to advance that interest.'" *Roth v. DOJ*, 642 F.3d 1161, 1175 (D.C. Cir. 2011) (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004)). It is well established that "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on the citizens' right to be informed about what their government is up to." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) (internal quotation marks omitted). Accordingly, "the names and identifying information of third parties contained in investigative files are presumptively exempt." *CREW I*, 746 F.3d at 1096.

The investigator's notes, which include the names and personal information of other sources, are thus exempt from disclosure under 7(C). Panter Decl. ¶ 30. Because the "private individuals mentioned in the records are living," their privacy interest outweighs any public one and "their names and identifying information are presumptively exempt from disclosure." *Schrecker v. DOJ*, 349 F.3d 657, 666 (D.C. Cir. 2003). "[T]he mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." *Id.* It also risks exposing the participant to harassment and "invites unwanted intrusions." *Nat'l Ass'n of Retired Fed. Empl. v. Horner*, 879 F.2d 873, 878 (D.C. Cir. 1989). Verma has identified no public interest, cognizable under FOIA, in disclosure of the names and personal information of the employees or other sources contained in his background report. *See id.* (describing no public interest beyond that identified by the plaintiff). The notes thus fall within the 7(C) exemption. Accordingly, all of the contested redactions are exempt from FOIA disclosure.

USCIS has also satisfied its segregability obligation. Panter states that USCIS conducted a line-by-line review of pages 25, 26, and 28 and determined that no further meaningful information could be segregated and released without disclosing exempt information. *See* Panter Decl. ¶ 38. In the absence of any contrary evidence, that explanation is sufficient. *See Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996).

**B. Privacy Act**

USCIS processed Verma's request under both FOIA and the Privacy Act because he sought records about himself maintained in a Privacy Act system of records. *See* Defs.' SMF ¶ 10; Panter Decl. ¶ 17. The Privacy Act has "materially different" disclosure requirements than FOIA, *Wash. Laws.' Comm. for Civ. Rts. and Urb. Affs. v. DOJ*, 145 F.4th 63, 71 (D.C. Cir. 2025), and to withhold

documents in a "twin Privacy Act/FOIA request," an agency must demonstrate an exemption for each Act, *Martin*, 819 F.2d at 1184.

Some of the redacted material is also exempt from disclosure under the Privacy Act. The Privacy Act provides that the head of any agency may promulgate rules to exempt any system of records within the agency from disclosure under the Privacy Act if the system of records consists of "investigatory material compiled for law enforcement purposes" by an agency whose primary function is not criminal law enforcement. 5 U.S.C. § 552a(k). The Department of Homeland Security has promulgated regulations exempting USCIS's systems of records under the Privacy Act. *See* Panter Decl. ¶ 33; *see also id.* ¶ 24 n.1 (describing USCIS' broad law enforcement function, which includes both civil and criminal law enforcement). And, for the reasons already discussed above, the background investigative file is a record compiled for a law enforcement purpose. *See id.* ¶ 24 & nn.1–2.

The Act further provides that "if any individual is denied any right, privilege, or benefit . . . for which he would otherwise be eligible, as a result of maintenance of such material, such material shall be provided to such individual" unless "the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence[.]" 5 U.S.C. § 552a(k)(2). As explained above, the employee-related information on pages 25, 26, and 28 falls within that exception, since the FEMA and VA employees were expressly promised confidentiality. *See* Panter Decl. ¶ 30 & n.5. And Verma was denied a "privilege[] or benefit for which he would otherwise be eligible"—that is, employment with USCIS. *See* Compl. Those redactions thus fall under Privacy Act Exemption (k)(2).

For the same reasons, the exemption does not apply to the investigator's notes on the present record. DHS refers to the names in those notes as "confidential sources" and Panter states that USCIS provided the sources "express assurances of confidentiality," *see* Panter Decl. ¶ 35, but the declaration offers no facts explaining what assurances were given to those sources or when or how they were conveyed.

And while defendants invoke Exemption (k)(5) as an alernative, they run into the same issue. That subsection protects against disclosure of background investigation material that "would reveal the identity of a source who furnished information to the government *under an express promise that the identity of the source would be held in confidence*." 5 U.S.C. § 552a(k)(5) (emphasis added). Without facts supporting some express promise of confidentiality, the defendants have not carried their burden on the present record. The Court therefore cannot determine whether the investigator's notes may be withheld under § 552a(k)(5).

The Court will therefore deny summary judgment without prejudice as to those withholdings and permit USCIS to file a supplemental declaration providing additional factual support for its assertion that the sources received express assurances of confidentiality.

**C. Plaintiff's Request for Monetary Damages**

Finally, the plaintiff seeks monetary damages, including punitive damages, against USCIS because of its delay in responding to his initial FOIA request. *See* Compl. at 5. FOIA does not permit the recovery of monetary damages. *See Ellis v. DOJ*, 110 F. Supp. 3d 99, 106 (D.D.C. 2015); *Davis v. Attorney Gen.*, 562 F. Supp. 2d 156, 159 (D.D.C. 2008). And even construing Verma's complaint liberally to seek damages under the Privacy Act, he has not established such a claim. To recover damages under the Privacy Act, a plaintiff must establish, among other things, an adverse effect and "intentional or willful" agency conduct. *Perry*, 684 F.2d at 129; 5 U.S.C. §

552a(g)(1)(C)–(D), (g)(4). Verma has offered no evidence that USCIS's delay was intentional or willful or that it caused him actual damages. The Court will therefore grant the defendants' summary judgment motion with respect to Verma's claim for monetary damages.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the defendants' motion for summary judgment, Dkt. 26. A separate order accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

September 29, 2026